UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CORENO, | No. C 10-2372 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| Dr. LAWRENCE GAMBOA; Dr. SEPULVEDA, C.M.O., | |
| Defendants. | |

## INTRODUCTION

Joseph Coreno, an inmate currently at Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining of conditions at the Salinas Valley State Prison, where he was housed earlier. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Joseph Coreno alleges the following in his complaint.

Coreno has had severe back pain and nerve damage since 2006. He was prescribed pain medication for his severe back pain and was scheduled to receive back surgery from Dr. Ramberg. From September 2009 through March 2010, Coreno was seen by Dr. Lawrence Gamboa. At the same time, Dr. Sepulveda was the chief medical officer ("CMO") at the prison, and was in charge of handling requests for surgeries and chronos.

On November 6, 2009, Dr. Gamboa saw Coreno and set him up for back surgery and told Coreno he would renew all his pain medications. On November 10, 2009, plaintiff did not receive his night medication and learned that Dr. Gamboa had terminated the night medication on November 6, 2009. On November 11, Coreno fell when he attempted to get out of bed, hitting his head and blacking out. He awoke with severe pain. He eventually was taken to the correctional treatment center at the prison and was given a shot of pain medication. He continued to experience pain in his back and legs and then noticed his neck hurt also, because he had sprained his neck when he fell. He was in pain throughout the day and night. He filed a grievance about Dr. Gamboa's actions and his pain medication was re-prescribed.

On November 16, 2009, Coreno went to an outside hospital for the back surgery by Dr. Ramberg. Due to confusion "as to what surgery the plaintiff was supposed to get," the surgery did not occur. Complaint, p. 6. (A grievance response attached as an exhibit states that Coreno refused surgery that day.) Dr. Ramberg ordered a neck x-ray, said he would reschedule the surgery, and told Coreno to continue his pain medications until surgery.

On November 24, 2009, Coreno was seen by Dr. Gamboa. Coreno asked to have a medical hold placed on him so he would not be transferred until the surgery occurred. Dr. Sepulveda denied the request. On December 15, 2009, Dr. Gamboa told Coreno he would set him up to see the surgeon and get a medical hold to prevent a transfer. The surgery and medical hold never occurred.

On January 15, 2010, Coreno was seen by Dr. Gamboa. Although Dr. Gamboa told him he would keep the medications the same, the next day Coreno learned that his morning pain medication had been stopped on January 15, 2010. Coreno filed a grievance. On January 16, 2010, Coreno's back "went out again," Complaint, p. 8; he fell, and hit his head and blacked out. In addition to grievances he filed, Coreno sent a letter to Dr. Sepulveda on February 28, 2010 asking him to help with treatment and the problems Coreno was experiencing. Dr. Sepulveda denied the request.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

When an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim for an Eighth Amendment violation: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Liberally construed, the complaint states a cognizable claim against defendants Dr. Gamboa and Dr. Sepulveda for an Eighth Amendment violation based on their failure to provide necessary pain medication and arrange for back surgery for plaintiff.

Liberally construed, the complaint also states a claim against Dr. Gamboa for retaliation. Coreno alleges that Dr. Gamboa stopped his pain medication the second time in retaliation for the grievances and State Board of Control claim Coreno had filed against him. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.")

3

Liberally construed, the complaint also states a cognizable state law claim for professional negligence against defendants Gamboa and Sepulveda based on their allegedly deficient medical care of Coreno.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states (a) a claim for relief under 42 U.S.C. § 1983 against defendants Dr. Gamboa and Dr. Sepulveda for deliberate indifference to Coreno's medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment; (b) a claim for relief under § 1983 against Dr. Gamboa for retaliation; and (c) a state law professional negligence claim against Dr. Gamboa and Dr. Sepulveda. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following two defendants on the medical staff at Salinas Valley State Prison: Dr. Lawrence Gamboa and chief medical officer Dr. Sepulveda.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **November 5, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 3, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal

> Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **December 24, 2010**.

        4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

        5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

        6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

5

pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    7.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 1, 2010

                                                    _____
                                                   SUSAN ILLSTON
                                          United States District Judge