UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH CORENO,

        Plaintiff,

   v.

Dr. LAWRENCE GAMBOA;
Dr. SEPULVEDA, C.M.O.,

        Defendants.
                                        /

No. C 10-2372 SI (pr)

**ORDER**

A.    <u>Plaintiff's Miscellaneous Requests</u>

        Plaintiff requested a copy of the court's local rules and information about how the defendants would be served. (Docket # 14.) The court's local rules should be available in his prison's law library. The U.S. Marshal served process on the defendants, and both defendants have appeared in this action, so there are no service of process problems.

        Plaintiff also requested "motion for counsel" forms. (Docket # 15.) There is no form for such a motion. A plaintiff who seeks appointment of counsel may do so by writing out his own motion, explaining in it why counsel should be appointed for him. Plaintiff is cautioned that in such a motion (and in any other filing for this case), he should include the case caption and case number on the first page of every document, and clearly identify what the document is; sending letters to the judge or the court clerk is not the best way to have things considered in his case.

In the same document requesting "motion for counsel" forms, plaintiff also requested ten deposition subpoenas and information about deposition costs. (Docket # 15.) The clerk will send ten blank subpoenas to plaintiff for him to fill out completely and return to the court for the subpoenas to be issued by the clerk and returned to plaintiff for service. The cost for a deposition is the cost of a court reporter (for which plaintiff must make arrangements and pay), plus a witness fee of $40.00 per day plus actual transportation expenses. See 28 U.S.C. § 1821. The court does not waive the fees, and plaintiff must pay them himself or have someone pay them on his behalf.

Due to the cost of conducting depositions, many pauper litigants find it easier to try to obtain discovery through several other discovery methods available under the Federal Rules of Civil Procedure. Some examples: if plaintiff wants written responses from a defendant, he can send a set of interrogatories (Rule 33); if he only wants one-word answers (i.e., admission or denial) from a defendant, he can send a request for admissions (Rule 36); if he wants documents from a defendant, he can send a request for production of documents (Rule 34); if he wants to ask questions in person, he can conduct an oral deposition of a party (Rule 30); and if he wants testimony or documents from a non-party, he can subpoena them for a deposition (Rules 30, 45). (Of course, plaintiff must pay for copying charges for documents produced if he wants copies, and must pay witness fees and other expenses related to depositions and service of subpoenas.) Those are the basic discovery tools available to a litigant. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

/ / /

/ / /

B.   Defendants' Request For Extension Of Deadline

Defendants filed an <u>ex parte</u> request for an extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Matthew M. Grigg, the court GRANTS the request. (Docket # 13.) The court now sets the following new briefing schedule for dispositive motions:

1.   Defendants must file and serve their dispositive motion no later than **July 1, 2011**.

2.   Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **August 5, 2011**.

3.   Defendants must file and serve their reply brief (if any) no later than **August 26, 2011**.

IT IS SO ORDERED.

Dated: April 13, 2011

_____
SUSAN ILLSTON
United States District Judge

3